**In re Mary E. WHITE, Debtor.**

**HIGHWAY CONSTRUCTION COMPANY, Plaintiff,**

v.

**Mary E. WHITE, Defendant.**

**Bankruptcy No. SA 80–03741 PE.
Adv. No. SA 81–0036.**

United States Bankruptcy Court, C. D. California.

Jan. 28, 1981.

David C. Grant and Daniel J. Callahan of Allen, Matkins, Leck, Gamble & Mallory, Newport Beach, Cal., for plaintiff.

Jerome Edelman, Santa Ana, Cal., for defendant.

## MEMORANDUM OF DECISION

PETER M. ELLIOTT, Bankruptcy Judge.

The plaintiff's complaint for relief from stay was filed on January 16, 1981. Upon the plaintiff's motion, the preliminary hearing was held on January 22, 1981 and taken under advisement. The proceeding was set for final hearing on February 18, 1981 in the event that I decided to continue the stay in effect.

The real property involved consists of 53 unimproved lots in the County of San Bernardino. The first trust deed on the subject property is held by Mercury Savings and Loan Association and secures a note with an unpaid balance of approximately $159,-000. The plaintiff is the holder of a second deed of trust securing a note with an unpaid balance of $125,000. Both the first and second trust deeds are in default. At the time of the hearing, plaintiff had advanced $11,622 to Mercury Savings and Loan Association to cure a default, but the first trust deed is now further in default.

Joshua Development, Inc. (JDI) was the record owner of the subject real property and is the promissor on the promissory note and the trustor on the deed of trust securing said promissory note in favor of plaintiff. Joshua White owns 100% of the outstanding shares and is President of JDI.

The trustee under the plaintiff's deed of trust scheduled a foreclosure sale on December 29, 1980. On the same date, JDI, by its president, Joshua White, conveyed the subject property by corporation quit claim deed, to the wife of Joshua White, Mary White. The quit claim deed was recorded on December 29, 1980. Immediately thereafter, Mary White filed a petition under Chapter 13 of Title 11 of the United States Code.

In 1978, Mary White had loaned approximately $30,000 from her separate property to JDI. Although her husband assured her that she could look to the subject property as collateral for her loans, and on more than one occasion had promised her that her loans would be repaid when the 53 lots were developed and liquidated, no formal action was taken by the corporation, or in any other fashion, to secure Mary White's $30,-000 loan.

The corporate quit claim deed from JDI to Mary White, only hours before the foreclosure sale, was for the sole purpose of obtaining the protection of the automatic stay of 11 U.S.C. § 362. There was no agreement that this conveyance was in satisfaction of the $30,000 unsecured indebtedness.

The case of *Sherman v. Collins,* (8th Cir. 1934) 75 F.2d 62 is almost on all fours with the case now before me. In that case, Marner Company had executed a promissory note secured by a deed of trust upon certain real property which was in default. Sherman, the trustee under the deed of trust, commenced foreclosure proceedings. The Marner Company conveyed the real property to Collins, its sole shareholder, for no actual consideration. On the same day of the conveyance, Collins filed a petition with the bankruptcy court for a composition and extension under § 74 of the Bankruptcy Act. The Court of Appeal there held that the bankruptcy court should have dissolved a restraining order against foreclosure on the grounds that the action of the corporation in transferring the real property to Collins for the purpose of invoking the bankruptcy court's jurisdiction was for the purpose of hindering and delaying the action of the secured creditor in seeking to foreclose upon the deed of trust. The court further held that conveyances to hinder or delay creditors in their rights of collection or realization of payment are legal fraud. The similarities in the two cases are compelling. In *Sherman v. Collins, supra,* the Marner Company was not eligible for relief under § 74 of the Act. In the case at bench, JDI is not eligible for relief under Chapter 13 of the new Bankruptcy Code.

My conclusion that Mary White and JDI are misusing the bankruptcy laws for an improper purpose is reenforced by the circumstances that Mary White filed a one-page Chapter 13 petition and has yet to file either a Chapter 13 statement or a plan as required by Bankruptcy Rules 13–107 and 13–201.

Of course, JDI is eligible for relief under Chapter 11 of the Code and would have had the benefits of the automatic stay but JDI chose not to do so but rather to indulge in the subterfuge of conveying the property to the sole shareholder's wife.

Therefore, the automatic stay of § 362 should be terminated forthwith.

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. The within Memorandum of Decision shall constitute my findings of fact and conclusions of law.

Plaintiff may prepare an appropriate order in accordance with the terms of the foregoing Memorandum.