**In re Victor C. BROWN & Diane K. Brown, a/k/a Diane K. Crevling, Debtors.**

**FIRST VALLEY BANK, Plaintiff,**

v.

**Victor C. BROWN & Diane K. Brown, a/k/a Diane K. Crevling & Russell O'Malley, Jr., Esq., Trustee, Defendants.**

Bankruptcy No. 5–81–00055.
Adv. No. 5–81–0306.

United States Bankruptcy Court, M.D. Pennsylvania.

April 30, 1982.

John J. Robinson, Legal Service of Northern Pa., Inc., Stroudsburg, Pa., for debtors.

Russell O'Malley, Jr., Scranton, Pa., trustee.

Peter J. Hoegen, Jr., Wilkes-Barre, Pa., for plaintiff.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

The plaintiff, First Valley Bank, initiated this adversary proceeding under § 362(d) of the Bankruptcy Code for relief from the automatic stay imposed by § 362(a) following the debtors' filing of a petition under Chapter 7 of the Code on January 29, 1981. The plaintiff requests a modification of the

stay in order to repossess the debtors' automobile due to the debtors' default on an automobile financing agreement.

The facts are as follows. The debtors purchased a 1978 model automobile from Ranken Pontiac (Ranken) on September 21, 1978. In exchange for Ranken's financing of the purchase, the debtors granted Ranken a purchase money security interest in the automobile. The financing contract and the security interest were subsequently transferred to the plaintiff. The debtors duly made their monthly payments on the loan until November of 1980. Since that time no payments have been made. The outstanding indebtedness on the loan is in excess of $3,952.00, absent any valid recoupment claims or counterclaims. The debtors filed for bankruptcy on January 29, 1981. The present action to modify the stay was commenced by the plaintiff on July 28, 1981.

The plaintiff contends that relief from the stay should be granted due to the debtors' default on the financing contract. The debtors deny this and assert claims for recoupment under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.Stat.Ann. § 201–1 *et seq.* The debtors contend that these claims will diminish their indebtedness to the plaintiff and thus reduce the value of the plaintiff's secured claim against the automobile.

### DISCUSSION

The filing of a voluntary petition under the Bankruptcy Code operates as a stay of the enforcement against the debtor of a judgment obtained before the commencement of the bankruptcy and as a stay of any act to obtain possession of property of the estate or of property from the estate. 11 U.S.C. § 362(a)(2) and (3). In the instant case the automatic stay is preventing First Valley Bank from repossessing the debtors' automobile which is encumbered by First Valley Bank's security interest.

The automatic stay imposed by § 362 of the Code is subject to termination or modification by the Court for grounds set forth in subsection (d) as follows:

"On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization."

Under this section the automatic stay may be terminated or modified for either of the two reasons set forth in subsection (d) as evinced by use of the disjunctive "or" linking (d)(1) and (d)(2). *General Motors Acceptance Corp. v. Miller* (In re Miller), 13 B.R. 110, 117 (Bkrtcy.S.D.Ind.1981); *First Connecticut Small Business Investment Company v. Ruark,* (In re Ruark), 7 B.R. 46 (Bkrtcy.D.Conn.1980). The plaintiff has not indicated whether it seeks relief under § 362(d)(1) or (d)(2). If the plaintiff is seeking relief under (d)(1), the only grounds for cause appear to be the debtors' lack of a sufficient equity cushion in the automobile. If relief is sought under (d)(2), the debtors' complete lack of equity in the automobile must be established.

In an action to lift the automatic stay, the party seeking such relief has the burden of proof on the issue of the debtor's equity in the collateral, while the party opposing such relief has the burden of proof on all other issues. § 362(g); *City National Bank v. San Clemente Estates* (In re San Clemente Estates), 5 B.R. 605, 610 (Bkrtcy. S.D.Cal.1980). In the instant case the plaintiff has failed to meet its burden of proof in requesting relief from the stay since it introduced no evidence to establish the fair market value of the collateral. Without such evidence this Court cannot determine the value of the debtors' equity in the property. Consequently, the plain-

tiff's request to modify the automatic stay will be denied. This result makes it unnecessary to discuss in this summary proceeding the merits of the debtors' claim under the Truth in Lending Act and the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

This opinion constitutes findings of fact and conclusions of law pursuant to Rule 752 of the Rules of Bankruptcy Procedure.