In re Ella Catrone ROYCE d/b/a Catrone's Royal Manor, Debtor.

PENN SECURITY BANK & TRUST CO., Plaintiff,

v.

Ella Catrone ROYCE d/b/a Catrone's Royal Manor, & Stephen G. Bresset, Esq., Trustee, Defendant.

Bankruptcy No. 5–81–00812.
Adv. No. 5–82–0369.

United States Bankruptcy Court, M.D. Pennsylvania.

Aug. 9, 1983.

Virginia Leo Sirotnak, Scranton, Pa., for plaintiffs.

Gerald J. Butler, Scranton, Pa., for defendants.

Stephan G. Bresset, Honesdale, Pa., Trustee.

OPINION

THOMAS C. GIBBONS, Bankruptcy Judge:

The creditor, Penn Security Bank and Trust Company (the Bank), has commenced suit for a modification of the automatic stay imposed by 11 U.S.C. § 362(a) in order to foreclose its mortgage on two parcels of realty owned by the debtor. For the reasons stated herein, we grant the relief requested.

FINDINGS OF FACT

1. The debtor filed for relief under Chapter 7 of the Bankruptcy Code on October 14, 1981.

2. Two parcels of realty owned by the debtor in Scranton, Pennsylvania, are encumbered by a single mortgage held by the Bank. One parcel is located on North Lincoln Avenue and the other is on South Main Avenue.

3. The fair market value of the properties on North Lincoln Avenue and South Main Avenue are $22,000 and $28,000, respectively.

4. Two creditors hold encumbrances against the properties aggregating in ex-

cess of $4,000. The encumbrances are superior to the Bank's mortgage.

5. The current indebtedness on the mortgage exceeds $68,000.

6. The debtor has no equity in the properties.

7. The Bank's mortgage is not adequately protected.

## DISCUSSION

Immediately upon the filing of a petition for relief under the Bankruptcy Code a stay arises which generally bars all debt collection activities against the debtor or the property of his bankruptcy estate. 11 U.S.C. § 362(a). The Bank has commenced proceedings in this court pursuant to § 362(d) to modify the stay in order to foreclose its mortgage on the debtor's realty. Section 362(d) provides as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

Under this section the automatic stay may be terminated or modified for either of the two reasons set forth in subsection (d). *First Valley Bank v. Brown (In Re Brown),* 27 B.R. 5, 6 (Bkrtcy.M.D.Pa.1982).

■ In an action under § 362(d)(1) relief from the stay can only be granted for cause. A creditor commencing such an action bears the burden of proving a prima facie case for relief. *Clark Equipment Credit Corp. v. Kane (In Re Kane),* 27 B.R. 902, 904–05 (Bkrtcy.M.D.Pa.1983). The debtor need not offer evidence of adequate protection unless the creditor has established his prima facie case. *Id.* Further-

more, when a party seeking relief under § 362(d)(1) predicates his claim on the debtor's lack of equity in an item of collateral, the creditor must bear the burden of proof on the issue of that equity. § 362(g).

■ In the case at bar the Bank has established a prima facie case for relief under § 362(d)(1) by proving that the debtor has no equity in the properties in question. *In Re Kane, supra,* 27 B.R. at 904–05. The debtor has not offered any proof of adequate protection.

The only defense offered by the debtor is the doctrine of marshalling of assets. The debtor asserts that this court should direct the Bank to proceed in foreclosure first against the debtor's business property rather than her residence since she has claimed an exemption in the latter. The debtor contends that her exemption interest in the one property gives her a status akin to a junior lienholder who is subject to divestiture of her interest by a creditor holding a superior security interest in the two properties. The doctrine of marshalling of assets may be stated as follows:

[W]hen one creditor has a claim against two funds as security and another creditor has a claim against only one of these funds, the claim of the former must be first satisfied out of that fund which is security for his loan only.

*American National Ins. Co. v. Vine-Wood Realty Co.,* 414 Pa. 263, 269, 199 A.2d 449, 454 (1964). A Bankruptcy Appellate Panel recently discussed the doctrine in the following language:

Marshalling is an equitable doctrine developed historically and traditionally used to prevent a junior lienholder with a security interest in a single property from being squeezed out by a senior lienholder with a security interest not only in that property, but in one or more additional properties. The doctrine requires the senior lienholder to first resort to assets free of the junior lien to avoid the inequity which would otherwise result from the unnecessary elimination of the junior lienholder's security with the increased

likelihood the junior creditor will be unable to satisfy its claim.

\* \* \* \* \* \*

There are four basic requirements which must be met before a marshalling order may be imposed on a second lienholder. First, there must be two or more funds. Second, only one of the creditors may have the right to resort to both funds. Third, there must be an absence of prejudice to the senior lienholder. Finally, the imposition of marshalling must avoid injustice to third persons. (quotes omitted).

*In Re Spectra Prism Industries, Inc.,* 28 B.R. 397, 398–99 (Bkrtcy.App.Cal. 9th Cir. 1983). From the above quoted material it is apparent that marshalling is applied to protect the rights of competing creditors, rather than the interests of the debtor. Consequently, we find the doctrine of marshalling is not applicable to the case at bar.

### CONCLUSION OF LAW

1. Pursuant to 11 U.S.C. § 362(d)(1), we will grant the Bank's request for relief from the automatic stay.