In re Ruth RUBLE.

In re Thomas D. RUBLE, aka Tom Ruble, aka Thomas Daniel Ruble, personally and as a general partner in Heritage Investment Group.

In re HERITAGE INVESTMENT GROUP, Debtors.

Bankruptcy Nos. 583–1119, 583–1025 and 583–1026.

United States Bankruptcy Court, N.D. Ohio.

Oct. 5, 1983.

Ronald Rubenstein, Cleveland, Ohio, Michael J. Moran, Cuyahoga Falls, Ohio, for debtors.

Nick Tomino, Cleveland, Ohio, for Williams and Beskid.

## FINDING AS TO MOTION TO STAY

HAROLD F. WHITE, Bankruptcy Judge.

This matter came before the court on the motion of the Debtor, Thomas D. Ruble, for an order staying an action entitled: Thomas D. Ruble, Plaintiff vs. Officer Williams, Badge No. 2266 and Officer Beskid, Badge No. 1997, Defendants, being case No. 018091 and filed in the Court of Common Pleas, Cuyahoga County, Ohio. Debtor's motion states that Debtor lacks both time and resources to pursue this action and that a stay is necessary to protect the estate's interest in this lawsuit. The Debtor did not file a brief in support of his motion.

The defendants in the state court action, officers Williams and Beskid, objected to the Debtor's motion and filed a brief in support of their objection.

## FINDING OF FACTS

In late September, 1980, Thomas Ruble instituted an action, pro se, in the Common Pleas Court of Cuyahoga County, Ohio against officers Robert Williams and William Beskid for false imprisonment and malicious prosecution. In June, 1983, the officers filed a motion for Summary Judgment. The state court has not yet ruled on this motion. On June 3, 1983, Ruble filed a petition for relief under Chapter 11 of the Bankruptcy Code.

Ruble did not list his pending lawsuit against officers Williams and Beskid as an asset in his schedules filed with this Court. On August 11, 1983, Ruble filed his motion for an order staying the state court proceeding.

## ISSUES

I. Is the State Court action automatically stayed pursuant to 11 U.S.C. section 362?

II. If the State Court action is not stayed pursuant to 11 U.S.C. section 362, should this Court, in its discretion, issue an order staying the proceedings in the State Court?

## LAW

### I.

■ Ruble's motion does not specify the statutory basis upon which he relies for his motion. The Brief in Opposition, filed by the two officers, proceeds on the assumption that Ruble's motion is pursuant to section 362 of the Bankruptcy Code. The Court finds, however, that Ruble's motion does not lie within the purview of section 362 and accordingly cannot be granted under that section.

The filing of a petition under the Bankruptcy Code creates an "estate" comprised of virtually all the property in which the debtor has an interest. 11 U.S.C. section 541. Upon the filing of a petition, certain actions and proceedings involving the debtor or the estate, or the property of the debtor or the estate, are automatically stayed pursuant to 11 U.S.C. section 362. The actions and proceedings stayed are described in section 362(a) which provides:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, or a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) any setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

A close reading of this section reveals that it stays actions and proceedings *against* the debtor or *against* property of the debtor or the estate. It is silent as to actions which the debtor brings, or has brought, against others. Thus, section 362(a) does not, by its own terms, mandate a stay of Ruble's state court action against the officers.

### II.

■ Since Ruble's state court action against the officers was not automatically stayed pursuant to section 362(a), Ruble's motion must be construed as a request to the Court to order a stay under its discretionary power. The discretionary powers of the Bankruptcy Courts are authorized by section 105 of the Bankruptcy Code, which provides, in relevant part:

(a) The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

It has been held that a Bankruptcy Court has ample power under this section to issue an injunction restraining parties to a state court proceeding. *See e.g., In re Otero Mills, Inc.,* 21 B.R. 777 (Bkrtcy.N.M., 1982); *In re Landmark Air Fund II,* 19 B.R. 556 (Bkrtcy.N.D.Ohio, 1982); *In re Larmar Estates, Inc.,* 5 B.R. 328 (Bkrtcy.E.D.N.Y., 1980). On the other hand, the decision by the Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which declared the jurisdictional basis of the Bankruptcy Courts unconstitutional, raises serious questions as to what powers a Bankruptcy Court may constitutionally exercise under 11 U.S.C. section 105. These serious questions need not be addressed, however, because the Court finds that, assuming it does have the power to order a stay of the state court proceeding, the interests of justice require that it not do so.

Even assuming that a Bankruptcy Court's powers under section 105 are not diminished in any manner by the *Northern Pipeline* decision, that section does not grant unrestricted powers. *In The Matter of Johns-Manville Corp.,* 26 B.R. 405 (Bkrtcy.S.D.N.Y.,1983). The crux of the matter is whether the stay sought by Ruble is "necessary or appropriate" to achieve the goals of his Chapter 11 reorganization. The Court finds that it is neither necessary nor appropriate to order a stay of the state court proceedings.

Ruble has made no showing that the bankruptcy estate will be harmed if the stay is not ordered. Indeed, the Court finds that it is in the estate's interest that the stay not issue. The value of Ruble's cause of action against the officers is somewhat questionable. Ruble, himself, did not list it as an asset of the estate. Ruble's complaint against the officers arises under state law, and is pending before a court of competent jurisdiction. In light of the *Northern Pipeline* decision, *supra.,* there is no doubt that this court does not have jurisdiction to hear Ruble's complaint. Given these considerations, it is in the best interest of the estate that the state court action be allowed to proceed so that the value of Ruble's claim can be determined.

Furthermore, this court is not unmindful of the plight of officers Williams and Beskid. They have had a complaint pending against them for over three years. They are entitled to have a determination of the complaint against them. Moreover, it would be particularly inappropriate to issue a stay at this time, while they are awaiting a decision on their motion for summary judgment.

Accordingly, the Court finds that the motion of the Debtor, Thomas D. Ruble, for an order staying his state court action against officers Williams and Beskid, must be denied.