**In re LAW CLINIC OF MOTT & GRAY, P.C., Debtor.**

**Bankruptcy No. 84–00243G.**

United States Bankruptcy Court, E.D. Pennsylvania.

May 10, 1984.

S. Simpson Gray, Philadelphia, Pa., for debtor, Law Clinics of Mott & Gray, P.C.

George V. Strong, III, Drinker, Biddle & Reath, Philadelphia, Pa., for movant, Philadelphia Sav. Fund Soc.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue in the matter at hand is whether we should grant a landlord's motion for relief from the automatic stay imposed by 11 U.S.C. § 362(a) of the Bankruptcy Code ("the Code") so it can evict the debtor from the leased premises for failure to tender timely the rent. Based on the reasons outlined below, we will deny the motion.

The facts of this case are as follows:[1] Since June 1, 1982, the debtor has been renting office space under a lease from the Philadelphia Savings Fund Society ("PSFS"). Due to the debtor's failure to tender rental payments for the months of November and December of 1983 and January of 1984, PSFS sent the debtor a notice of termination of the lease which was received by the debtor approximately six hours prior to the filing of the chapter 11 petition under the Code. The notice advised the debtor of the amount of the outstanding rent and stated:

Accept this notice that the subject lease will terminate upon receipt of this letter unless the amount due is paid in full by certified, treasurers or similar check.

Section 21(a)(iii) of the lease provided that in the event of default under such lease the debtor's right to retain possession of the premises ended on its receipt of a notice of termination.

The first question we must resolve is whether the delivery of PSFS's notice terminated the debtor's rights under the lease prior to the filing of the petition. Although, as we noted above, section 21(a)(iii) of the lease provided that in the event of default the debtor's right to possession of the leased premises ended on its receipt of the notice of termination, said notice is couched in conditional rather than absolute language. The notice stated that the "lease *will* terminate upon receipt of this letter *unless* the amount due is paid in full...." The highlighted language indicates that termination was to occur subsequent to the receipt of the notice only if the arrearages were not paid.[2] Although no express time period is provided for payment of the arrearages in the notice, we conclude that the landlord intended to afford the debtor a reasonable time after receipt of the document for curing the default as evinced by the language of said notice. *See, e.g.,* 1 *Williston on Contracts* § 38, at pp. 112, 114 (3d ed. 1957). We cannot state what is a reasonable amount of time for paying the arrearages under the facts of this case, although we do hold that the period extended beyond the end of the six hour interval between the receipt of the notice and the debtor's filing of the petition. Thus, the notice could not have divested the debtor of its rights in the leasehold until after the filing of the petition.[3]

In the case at bench the testimony reveals that, as of the date of the hearing on this matter, the debtor had paid the one

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. We find without merit PSFS's contention that the lease was terminated on the receipt of the notice unless the notice and payment of the arrearages crossed in the mail.

3. If the termination of the lease had been completed prior to the filing of the petition, after the filing of the petition, the debtor would have had only a bare right of possession unsanctioned by law. Nonetheless, this meager interest would bar a landlord from evicting the tenant without first seeking relief from the automatic stay. *Colonial Village Meat Market Leasing, Inc. v. Andorra Meat Market, Inc. (In Re Andorra Meat Market, Inc.),* 7 B.R. 744 (Bkrtcy.E.D.Pa.1980); *Omni International, Ltd. v. Mimi's of Atlanta, Inc. (In Re Mimi's of Atlanta, Inc.),* 5 B.R. 623 (Bkrtcy.N.D.Ga.1980).

rent payment which accrued during the postpetition period. Based on this evidence we must find that PSFS is not entitled to relief from the stay "for cause" under § 362(d)(1).[4] Had the termination of the lease occurred prior to the filing of the petition we could have granted relief from the stay as a matter of course under § 362(d)(1), "for cause," without further inquiry since the debtor would have had nothing more than a trespasser's possessory interest in the leased premises.

PSFS asserts that relief may alternatively be granted to a landlord under § 362(d)(2) so it may retake the premises. We raise *sua sponte* the issue of whether § 362(d)(2) may properly be used by a landlord as a predicate for relief from the stay to repossess a leasehold. By its terms § 362(d)(2) is limited to a request for relief from the stay "with respect to a stay of an act against property...." Although a leasehold entails the use of property, § 362(d)(2) was apparently drafted with an eye toward property in which the debtor had some right of ownership, rather than a mere right of use, as evinced by the term "equity" in that provision. The notion of an equity interest in the typical leasehold is at odds with our understanding of the term. If our perception is correct, either § 362(d)(2) cannot be used by a landlord to retake his leasehold or the provision is applicable in such a situation with proof necessary only on element § 362(d)(2)(B) since § 362(d)(2)(A) would necessarily be met. Although the issue was not extensively addressed in the parties' briefs, we need not resolve the matter since PSFS has not met element § 362(d)(2)(B) because the leasehold is necessary to an effective reorganization.

Accordingly, we will enter an order denying PSFS's motion for relief from the stay.

**4.** Section 362(d) states as follows:

    (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

    (2) with respect to a stay of an act against property, if—

    (A) the debtor does not have an equity in such property; and

    (B) such property is not necessary to an effective reorganization.