In re AUGUSTUS COURT
ASSOCIATES, A Limited
Partnership, Debtor.

**Bankruptcy No. 84–01560G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Oct. 12, 1984.

Kenneth T. Ulrich, Richman & Cook, Philadelphia, Pa., for Chase Savings and Loan Association and Krems, Maloney and Schreiber.

Arsen Kashkashian, Jr., Kashkashian & Associates, Philadelphia, Pa. for debtor, Augustus Court Associates, A Limited Partnership.

John O'Rourke, McTighe, Weiss & Stewart, P.C., Norristown, Pa., Drew Salaman, Philadelphia, Pa., Ralph D. Freidman, Jenkintown, Pa., for interested parties.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The threshold issue in the case at bench is whether the automatic stay applies to a debtor's action to set aside a sheriff's sale. If so, the second issue before us is whether a mortgagee is entitled to relief from said stay for cause based on the debtor's filing of its petition under Chapter 11 of the Bankruptcy Code ("the Code") on the day on which a hearing on the sheriff's sale action was scheduled. For the reasons stated herein, we find that the automatic stay is applicable and we will deny the mortgagee's motion for relief.

The facts in this case are as follows:[1] In 1983 the Chase Savings and Loan Associa-

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

tion ("the mortgagee") foreclosed on the mortgage it held on property owned by Augustus Court Associates, a limited partnership ("the debtor"). A sheriff's sale took place at which the property was sold to the attorney on the writ, which bid was subsequently assigned to Krems, Maloney and Schreiber ("the assignee").

Petitions to set aside the sheriff's sale were filed in the Court of Common Pleas of Philadelphia County by both the debtor and a general partner of the debtor, alleging procedural irregularities and inadequacy of the sale price. On the date scheduled for the hearing, the debtor filed its petition for reorganization. Three days later, a Common Pleas Court judge, noting the commencement of the bankruptcy case, ordered all proceedings in the Common Pleas court stayed until further notice. The mortgagee was joined by the assignee in filing a motion seeking relief from the automatic stay in order that the state court proceedings might go forward.

■ Although the mortgagee has moved for relief from the automatic stay, it avers that the stay is not operative with respect to the state court action at issue. In support of its contention, the mortgagee asserts that, because the stay applies only to actions brought *against* the debtor, it is not appropriate in the instant proceeding where the debtor is the petitioner.

Pursuant to § 362 of the Code,[2] 11 U.S.C. § 362, the filing of a petition in bankruptcy operates as a stay, *inter alia,* of the continuation of judicial proceedings against the debtor that were commenced before the filing. The stay applies only to actions *against* the debtor, and not to actions instituted *by* the debtor. *Hassett v. Weissman*

(In re O.P.M. Leasing Services, Inc.), 35 B.R. 854, 861 (Bankr.S.D.N.Y.1983); *In re Ruble* 34 B.R. 37 (Bankr.N.D.Ohio 1983).

The Third Circuit has held that, in an appeal situation, the determination of whether a case is subject to the automatic stay depends on its inception, with the stay applying to proceedings that were originally brought *against* the debtor, regardless of whether the debtor is the appellant or appellee in the appellate proceedings. *Ass'n of Saint Croix Condominium Owners v. Saint Croix Hotel Corp.,* 682 F.2d 446, 449 (3d Cir.1982). Similarly, this court has viewed a debtor's state court petition to open a judgment as an appeal arising out of a proceeding originally brought against the debtor and, therefore, subject to the automatic stay.[3] *Brady v. Tobias Knoblauch Private Bank* (In re Brady), 35 B.R. 551, 553 (Bankr.E.D.Pa.1983), *aff'd in part and remanded,* 40 B.R. 244 (E.D.Pa. 1984). We fail to envision why a debtor's filing of a petition in state court to set aside a sheriff's sale should be treated any differently and, therefore, reject the mortgagee's assertion that the automatic stay is not applicable to the debtor's position in the instant case.

■ Alternatively, the mortgagee contends that the debtor no longer has an interest in the property which is protected by the automatic stay. Once the sheriff's deed has been issued, acknowledged and presented for recording, the debtor loses the interest in the property which would be subject to the automatic stay provisions of the Code. *Sharp v. Fidelity Bond and Mortgage Co.* (In re Sharp), 24 B.R. 817 (Bankr.E.D.Pa.1982); *In re Wilson,* 19 B.R. 45 (Bankr.E.D.Pa.1982); *Advance Mortgage Corp. v. Dennis* (In re Dennis), 14

---

**2.** Section 362 provides in pertinent part:

    (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

    (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the com-

mencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362.

**3.** Our opinion in *Home Life Insurance Co. v. Jones* (In re Jones), 20 B.R. 988 (Bankr.E.D.Pa. 1982), which reached a contrary conclusion, predated the Third Circuit's holding in *St. Croix.*

B.R. 125 (Bankr.E.D.Pa.1981); *Administrator of Veterans' Affairs v. Sparkman* (In re Sparkman) 9 B.R. 359 (Bankr.E.D.Pa. 1981); *Russell v. Equibank, N.A.* (In re Russell), 8 B.R. 342 (Bankr.W.D.Pa.1980). The parties in the case at bench are in dispute on the issue of whether the deed had been recorded, and no evidence was introduced at the hearing on the mortgagee's motion to resolve that dispute. We are, therefore, unable to rule that the debtor no longer has an interest in the property and that the automatic stay is inapplicable.

The creditor moves for relief from the stay pursuant to § 362(d)(1) which provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
> >
> > (2) * * *

■ A party seeking relief from the stay under § 362(d)(1) must establish a prima facie case for such relief. *Continental Bank v. Bobroff* (In re Bobroff), 32 B.R. 930 (Bankr.E.D.Pa.1983); *Provident Mutual Life Insurance Co. v. Winslow Center Associates* (In re Winslow Center Associates), 32 B.R. 685 (Bankr.E.D.Pa.1983); *Clark Equipment Credit Corp. v. Kane* (In re Kane), 27 B.R. 902 (Bankr.M.D.Pa. 1983).

■ The mortgagee asserts that it is entitled to relief from the stay for cause on the grounds that the debtor's filing of its petition was a sham. As we indicated above, the debtor filed for bankruptcy on the same day that a state court hearing was scheduled on its petition to set aside the sheriff's sale. The mortgagee contends that the filing was not intended to accomplish any objective of chapter 11, but rather solely to obtain the protection of the automatic stay and prevent the mortgagee from enforcing its rights against the property in question.

■ Misuse of the bankruptcy laws for an improper purpose may constitute grounds for granting relief from the stay. *Highway Construction Co. v. White* (In re White), 8 B.R. 247 (Bankr.C.D.Cal.1981). We agree. But the mortgagee's legal hypothesis is unsupported by any factual proof. Absent such proof, we are unable to conclude that the debtor's bankruptcy proceeding was filed for the sole purpose of obtaining the protection of the automatic stay.

■ Although the mortgagee and the debtor debate the issue of whether this court may set aside the sheriff's sale on the grounds that the property's sale price was inadequate,[4] there is no appropriate complaint before us on which we may rule.

---

4. A sheriff's sale, which is held within one year of the filing of the petition at a time when the debtor was insolvent and which fails to bring a "reasonably equivalent value" for the property, may be set aside pursuant to § 548(a)(2) of the Code. *New Yorketown Associates v. Pierce* (In re New Yorketown Associates), 40 B.R. 701 (Bankr.E.D.Pa.1984); *In re Jones,* 20 B.R. 988 (E.D. of Pa.1982); *Durrett v. Washington National Insurance Co.,* 621 F.2d 201 (5th Cir. 1980).