**In re AUGUSTUS COURT ASSOCIATES, A Limited Partnership, Debtor.**

**Bankrtupcy No. 84–01560G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Feb. 20, 1985.

Kenneth T. Ulrich, Richman & Cook, Philadelphia, Pa. Ralph D. Friedman, Jen-

kintown, Pa., for Chase Sav. and Loan Ass'n and Krems, Maloney and Schreiber.

Arsen Kashkashian, Jr., Kashkashian & Associates Philadelphia, Pa. for debtor, Augustus Court Associates, A Limited Partnership.

John R. O'Rourke, Jr., McTighe, Weiss & Stewart, P.C., Norristown, Pa., Drew Salaman, Philadelphia, Pa., for interested parties.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The query before us is whether we should grant a mortgagee's motion for relief from the automatic stay, to allow it to finalize a mortgage foreclosure action, on the bases that the debtor has missed twenty consecutive monthly mortgage payments, nine of which are postpetition, and that the mortgagee's interest in the property is not adequately protected.

We have summarized the facts of this controversy as follows:[1] The debtor filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code") on May 15, 1984. Approximately two years prior to that time the debtor purchased a parcel of improved property, which is the subject of the current dispute. The acquisition was funded by a $158,500.00 mortgage loan granted by Chase Savings and Loan Association ("Chase"). Shortly thereafter the debtor defaulted on the loan by failing to meet the monthly mortgage payments. The last payment made on the loan was in June of 1983.[2] Chase commenced foreclosure proceedings against the property, had it posted for sheriff's sale and successfully bid on it. Chase contracted with the firm of Krems, Maloney and Schreiber ("Krems") for the sale of the property and assigned its writ to that partnership for the sale price. Prior to recor-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. The debtor issued Chase a check in July of 1983, but the debtor's stop-payment order precluded the bank from honoring the instrument.

dation of the sheriff's deed to Krems, the debtor instituted a state court suit to set aside the sheriff's sale. On the scheduled date of the hearing on the state court suit, the debtor filed its petition for reorganization in this court. Chase and Krems thereafter filed the instant motion for relief from the automatic stay.

Since the sheriff's sale, Krems has expended significant sums of money to rehabilitate the property. Excluding the improvements effected by Krems, the fair market value of the property is between $160,000.00 and $175,000.00. Under the mortgage the debtor currently owes Chase in excess of $275,000.00.

■ On the filing of a petition under the Code an automatic stay arises which generally bars all debt collection efforts against the debtor or the property of his bankruptcy estate. 11 U.S.C. § 362(a). *In Re Hardy*, 39 B.R. 64, 65 (Bankr.E.D.Pa.1984). As applied to the instant case the automatic stay bars the recordation of a sheriff's deed after mortgage foreclosure proceedings have been instituted against the debtor. *In Re Augustus Court Assoc.*, 43 B.R. 352 (Bankr.E.D.Pa.1984). Relief from the stay may be granted, *inter alia*, "For cause, including the lack of adequate protection of an interest in property of [the movant]." § 362(d)(1).

■ In the case before us the indebtedness on the property significantly exceeds its fair market value. We have repeatedly held that this constitutes a prima facie basis for relief from the stay under § 362(d)(1).[3] *Provident Mutual Life Ins. Co. v. Winslow Center Assoc. (In Re Winslow Center Assoc.)*, 32 B.R. 685, 687 (Bankr.E.D.Pa.1983); *American Bank and Trust Co. of Pa. v. Ram Manufacturing, Inc. (In Re Ram Manufacturing, Inc.)*, 32 B.R. 969, 971 (Bankr.E.D.Pa.1983). The debtor has not countered with any evidence that the security interest is adequately protected and thus relief from the automatic stay may properly be entered under § 362(d)(1) "for cause" due to a lack of adequate protection. Alternatively, the debtor has failed to make approximately twenty consecutive monthly payments on the mortgage, approximately nine of which fell due after the filing of the petition. We have held that "the continued failure to tender periodic payments to a secured creditor pursuant to the terms of an underlying loan can constitute 'cause' for relief under § 362(d)(1), although the facts of each request will determine whether relief is appropriate under the circumstances." *Royal Bank of Pennsylvania v. Three Tuns, Inc., (In Re Three Tuns, Inc.)*, 35 B.R. 110 (Bankr.E.D.Pa.1983) (some quotes omitted); *Germantown Savings Bank & Keays (In re Keays)*, 36 B.R. 1016 (Bankr.E.D.Pa. 1984); *Ukrainian Savings and Loan Assoc. v. Trident Corp.*, 22 B.R. 491 (E.D.Pa. 1982). On the basis of the rule enunciated in *Three Tuns*, we may likewise grant relief from the automatic stay "for cause."

We will accordingly enter an order granting Chase and Krems relief from the auto-

---

**3.** The debtor's lack of equity in a parcel of secured realty is a prima facie basis for relief under § 362(d)(1) due to an ostensible lack of adequate protection. Section 362(d)(2) allows the court to grant such relief when the property lacks equity *and* is not necessary to an effective reorganization. Relief from the stay under § 362(d)(1) for a lack of equity can be precluded *on that basis* if the debtor offers the secured party some other means of adequate protection of this security interest rather than by the more common means of adequate protection provided by sufficient equity cushion. See, e.g., 11 U.S.C. § 361. A finding by the court that the value of the property is increasing at a rate faster than the accrual of interest and other charges on the loan may also foreclose the court from granting relief from the stay due to a lack of equity. As stated in the text, even if the security interest is adequately protected the court could grant relief from the stay under § 362(d)(1) for other "cause" such as the debtor's continued failure to tender periodic mortgage payments as we stated above in the *Three Tuns* case. In reiteration, under § 362(d)(2) relief from the stay may be granted if the property lacks equity and the property is not necessary for an effective reorganization. In this situation relief from the stay could not be precluded by the debtor's tender of adequate protection as is possible under § 362(d)(1). We present this review since the issue of relief from the stay due to a lack of equity, has engendered some confusion.

matic stay in order to record the sheriff's deed.