**In re James BLACK, Debtor.**

**Bankruptcy No. 85–04690G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Feb. 13, 1986.

See also, 33 B.R. 701, 40 B.R. 515.

Lynne B. Allen, Warren T. Pratt, Drinker Biddle & Reath, Philadelphia, Pa., for movant, Philadelphia Sav. Fund Soc.

David M. Offen, Philadelphia, Pa., for debtor, James Black.

James J. O'Connell, Philadelphia, Pa., Chapter 13 standing trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The matter for decision, arising under a bank's motion for relief from the automatic stay of 11 U.S.C. § 362(a) of the Bankruptcy Code ("the Code"), is whether the automatic stay bars the bank's foreclosure of a mortgage on a parcel of realty on which a debtor resides, although legal title to the property is held by the debtor's spouse. On the basis of the reasoning set forth below, we conclude that the automatic stay bars foreclosure, but we will modify the stay "for cause" under § 362(d)(1).

The facts of this case are as follows:[1] In 1979 the debtor's wife purchased, in her own name, a parcel of improved realty in which the couple reside. The funds to purchase the property were borrowed from the Philadelphia Savings Fund Society ("PSFS") which retained a mortgage on the property. For the past 23 months the debt-or's wife has failed to pay the monthly mortgage payments on the loan.

Since late in 1983 PSFS has been pursuing foreclosure against the subject property. Repayment schedules were established by agreement of the parties for brief periods during this time, but the debtor's wife defaulted on each. On the intended day of reckoning—the date of the scheduled foreclosure sale in January of 1985—the debtor's wife filed for relief under chapter 13 of the Code and the case was assigned to our colleague on the bench, the Hon. William A. King, Jr. PSFS moved for relief from the automatic stay imposed by 11 U.S.C. § 362(a). After the wife's answer to the motion the parties agreed to allow the continuation of the foreclosure, and that agreement was approved by Judge King. Two months later the wife moved for reinstatement of the stay, but the motion was denied. When Armageddon arrived—the second scheduled Sheriff's sale—the *debtor* filed a petition for the repayment of his debts under chapter 13 and the case was assigned to us. The Sheriff's sale was cancelled. Further convoluting these machinations, the wife then conveyed the property in question to herself and her husband to create a tenancy by the entireties. PSFS filed a motion for relief from the automatic stay in the newly filed case.

PSFS contends that since the debtor has no ownership interest in the subject property, the automatic stay does not bar the bank from foreclosing. The debtor asserts that he has an interest in the property as a tenant by the entireties, and he posits that prior to the creation of the tenancy by the entireties, the debtor had an equitable interest in the property.

The automatic stay of § 362(a) arises on the filing of a petition under the Code, and that stay generally bars various debt collection efforts against the debtor, his property and the property of his bankruptcy

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

estate. *Nevada National Bank v. Casgul of Nevada, Inc. (In Re Casgul of Nevada, Inc.)*, 22 B.R. 65, 66 (Bankr. 9th Cir.1982). The stay is pervasive, and we have held that it bars the dispossession of a debtor from realty even when the debtor has "only a bare right of possession unsanctioned by law," such as the interest of a tenant at sufferance. *In Re Law Clinic of Mott & Grey, P.C.*, 39 B.R. 73, 74 n. 3 (Bankr.E.D.Pa.1984).

Modification of the automatic stay is authorized under § 362(d)(1) or (d)(2).[2] More specifically, under § 362(d)(1) the stay may be modified "for cause." We have held that "the continued failure to tender periodic payments to a secured creditor pursuant to the terms of an underlying loan can constitute 'cause' for relief under § 362(d)(1)." *Royal Bank of Pennsylvania v. Three Tuns, Inc. (In Re Three Tuns, Inc.)*, 35 B.R. 110, 111 (Bankr.E.D.Pa.1983); *Ukrainian Savings and Loan Assoc. v. Trident Corp. (In re Trident Corp.)*, 19 B.R. 956, 958 (Bankr.E.D.Pa.1982), *aff'd* at 22 B.R. 491 (E.D.Pa.1982) (per Chief Judge Luongo).

 Applying these few principles to the case before us, it is clear that the automatic stay which arose on the filing of the debtor's petition, barred continuation of the intended foreclosure. Hence, "cause" is present under § 362(d)(1) for modification of the stay under the authority of *Three Tuns*. This conclusion is appropriate even assuming the legitimacy of the debtor's claims to an equitable interest in the property and his status as a tenant by the entireties. We will enter an order granting the motion of PSFS for modification of the automatic stay.

2. (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against propert under subsection (a) of this section, if—
(A) the debtor does not have an equity in such property; and
(B) such property is not necessary to an effective reorganization.
11 U.S.C. § 362(d).