**In re LEXINGTON RACQUETBALL CLUB, INC., Debtor.**

**Bankruptcy No. 85–04527G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Feb. 27, 1986.

Leon P. Haller, Purcell, Nissley, Krug & Haller, Harrisburg, Pa., for movants/mortgagees, Darwin D. Cummings and Kathryn Cummings.

Kathleen Bilotte, King of Prussia, Pa., for debtor, Lexington Racquetball Club, Inc.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The subject of this dispute is whether we should grant a mortgagees' motion for relief from the automatic stay so they can continue with foreclosure proceedings in state court. Since the debtor has failed to make the requisite monthly payments on the mortgage for the past three years, we will grant the request for relief from the automatic stay.

We recapitulate the facts of this case as follows:[1] Several years ago the debtor purchased a parcel of improved realty from Darwin D. Cummings and Kathryn Cummings (collectively denominated hereinafter as "Cummings"), who retained a purchase money mortgage in the property. Although no expert testimony was produced at the hearing, the property in question is worth between $420,000.00 and $865,000.00. The current indebtedness owed to Cummings and secured by the mortgage is $472,141.67. No monthly payments have been made on the mortgage since April of 1983. The debtor's proferred basis for the cessation of payments is that the Cum-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

mings defrauded the debtor at the time of the sale of the property by materially misrepresenting the nature of the realty and the business conducted on it. This alleged fraud is the subject of a pending action in state court.

The debtor recently filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code"). Cummings thereafter filed the instant motion for relief from the automatic stay.

■ The automatic stay imposed by 11 U.S.C. § 362(a) bars certain debt collection efforts against a debtor, his property and property of his bankruptcy estate. *In Re Black*, 58 B.R. 60 (Bankr.E.D.Pa.1986). Relief from the automatic stay may be granted by the bankruptcy court "for cause" under § 362(d). We have repeatedly held that the continued failure to tender periodic payments to a secured creditor pursuant to the terms of an underlying loan may constitute "cause" for relief under § 362(d)(1), although the facts of each request will determine whether relief is appropriate under the circumstances. *In Re Augustus Court Assoc.*, 46 B.R. 619 (Bankr.E.D.Pa.1985); *Ukrainian Savings and Loan Assoc. v. Trident*, 22 B.R. 491 (E.D.Pa.1982) (per Chief Judge Luongo); *Royal Bank of Penn. v. Three Tuns, Inc.* (In Re Three Tuns, Inc.), 35 B.R. 110 (Bankr.E.D.Pa.1983). In the case at bench the debtor has failed to tender its monthly mortgage payments for nearly three years and, consequently, cause is present for relief from the stay under § 362(d)(1).

■ The debtor has attempted to preclude this result by raising in this proceeding Cummings' allegedly fraudulent conduct. This defense fails to account for the rule that a hearing on an action for relief from the automatic stay is typically not the proper forum for airing counterclaims and third party actions. *Maryland National Ind. Fin. Corp. v. Vacuum Cleaner Corp. of America* (In Re Vacuum Cleaner Corp. of America), 33 B.R. 701 (Bankr.E.D.Pa. 1983). We reiterate a quotation from *Vacuum Cleaner:*

Although defenses or counterclaims may be related or, to an extent, be plausibly relevant to any determination of the amount of debt due if they are based upon allegations such as misapplication or wrongful receipt of funds, breach of contract or various miscellaneous alleged contractual duties, or fraud or false representations, they are related or relevant only in the sense that, if successfully maintained, they would ultimately effectuate a reduction or set-off in the overall debt-credit relationship between the parties. These type of matters and claims really do not go to the validity and amount of the specific debt or lien itself.

*Vacuum Cleaner*, 33 B.R. at 705–06, quoting *United Companies Financial Corp. v. Brantley*, 6 B.R. 178, 185 (Bankr.N.D.Fla. 1980). Thus, the allegations of fraud do not militate against the entry of an order granting relief from the automatic stay.

We will accordingly enter an order granting Cummings relief from the automatic stay.