In re John W. KLEPPER, II and Arlene L. Klepper, Debtors.

**CHASE HOME MORTGAGE CORPORATION, Plaintiff,**

v.

John W. KLEPPER, II and Arlene L. Klepper, Defendants.

Bankruptcy No. 5-84-00421.

United States Bankruptcy Court, M.D. Pennsylvania.

Jan. 15, 1987.

Thomas Wood, Munch, Pa., Allen E. Ertel, Williamsport, Pa., for John Klepper.

Joseph A. Goldbeck, Philadelphia, Pa., Leon P. Haller, Harrisburg, Pa., for Chase Home Mortgage.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

Movant, Chase Home Mortgage Corporation, commenced this proceeding pursuant to § 362(d) of the Bankruptcy Code seeking relief from the automatic stay in order to proceed with its mortgage foreclosure on the debtors' premises. For the reasons provided herein, we grant the Movant's requested relief.

### FINDINGS OF FACT

An evidentiary hearing was held from which we make the following findings of fact.[1]

1. On August 23, 1984, the debtors, John W. Klepper, II and Arlene L. Klepper filed a petition for relief under Chapter 11 of the Bankruptcy Code.

2. Movant, Chase Home Mortgage Corporation, holds a first mortgage on the debtors' property at R.D. # 31, Box 219, Fairfield Township, Montoursville, Lycom-

ing County, Pennsylvania (hereinafter the Klepper property).

3. Colonial Mortgage Service Company assigned the debtors' mortgage to the Housing Investment Corporation of Florida, which later changed its name to Chase Home Mortgage Corporation of the Southeast, Inc.

4. The motion filed in the above case lists the movant as Chase Home Mortgage Corporation rather than as Chase Home Mortgage Corporation of the Southeast, Inc. No amendment has been filed to the motion in this regard.

5. Notwithstanding the foregoing, the debtors admit in paragraph 3 of their answer to requests for admission that Chase Home Mortgage Corporation has a first mortgage on the debtors' property.

6. The above mentioned mortgage is in default in that payments due April 1, 1984 and thereafter have not been paid.

7. The total amount owing on the mortgage is in excess of $82,000, exclusive of fees and costs.

8. Movant has valued the mortgage property at $58,000. However, the debtors believe that the fair market value of the Klepper property is less than $58,000.

### DISCUSSION

In addressing this proceeding we are asked to determine whether the movant should be granted relief from the automatic stay imposed by § 362(a) of the Bankruptcy Code. According to § 362(a) when the debtors filed a petition for relief under Chapter 11 a stay arose which barred the plaintiff's debt collection activities against the debtors or the property of their bankruptcy estate. 11 U.S.C. § 362(a); *In re Augustus Court Associates*, 46 B.R. 619 (Bankr.E.D.Pa.1985). Therefore, the plaintiff commenced this proceeding pursuant to § 362(d) arguing that it is entitled to relief

---

1. This opinion constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

under both § 362(d)(1) and (d)(2). Section 362(d) provides that:

> **§ 362(d)** On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>>> (A) the debtor does not have an equity in such property; and
>>> (B) such property is not necessary to an effective reorganization.

According to § 362(d) the automatic stay may be terminated, modified, or conditioned for either of the two reasons set forth in § (d) as indicated by the disjunctive phraseology of § (d)(1) and (d)(2). *First Valley Bank v. Brown* (In re Brown), 27 B.R. 5, 6 (Bankr.M.D.Pa.1982); *Citizens Fidelity Bank & Trust Company v. Family Investments, Inc.* (In re Family Investments, Inc.), 8 B.R. 572 (Bankr.W.D.Ky. 1981). In this instance, the movant is entitled to relief under § 362(d)(1). Therefore, we need not decide whether the movant is also entitled to relief under § 362(d)(2).

It is generally held that a "continued failure to tender periodic payments to a secured creditor pursuant to the terms of an underlying loan can constitute 'cause' for relief under Section 362(d)(1), although the facts of each request will determine whether relief is appropriate under the circumstances." *In re Augustus Court Associates*, 46 B.R. 619, 620 (Bankr.E.D.Pa. 1985) citing *Royal Bank of Pennsylvania v. Three Tuns, Inc.* (In re Three Tuns, Inc.), 35 B.R. 110, 111 (Bankr.E.D.Pa.1983). Cause for relief under § 362(d)(1) existed where the debtors had made but two payments to the mortgagee after filing their Chapter 13 petition. *Lomas & Nettleton Company v. Frascatore* (In re Frascatore),

33 B.R. 687 (Bankr.E.D.Pa.1983). In this instance the debtors have not made any payments to the mortgagee since before April 1, 1984. Also, the Klepper property has a maximum fair market value of approximately $58,000, while the total amount owing on the mortgage is in excess of that amount. In view of the fact that the debtors have made no payments to the mortgagee in over two years and that the debtors have no equity in the subject property, we conclude that sufficient cause exists to warrant modification of the automatic stay.[2] Consequently, we grant the movant's motion for modification of the stay.

### CONCLUSIONS OF LAW

1. Movant's request for relief from the automatic stay and for permission to proceed with its mortgage foreclosure action is granted pursuant to § 362(d)(1). The debtors' failure to make any mortgage payments in over two (2) years, together with their lack of equity in the subject property warrants relief pursuant to § 362(d)(1).

2. The movant's request for reasonable attorney's fees is denied.

3. The movant's request for costs of this suit, together with interest, is granted.

---

2. In this case, the debtor has not presented any convincing evidence that adequate protection

exists in this situation.