In re LYCO TRUCK SALES & SERVICE, INC., Debtor.

LYCO TRUCK SALES & SERVICE, INC., Plaintiff,

v.

Vickie D. HOPKINS and Richard L. Grimes, Defendants.

Bankruptcy No. 5–81–00210.
Adv. No. 5–82–0334.

United States Bankruptcy Court, M.D. Pennsylvania.

Nov. 1, 1982.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

The debtor has moved the court to amend a default judgment. It requests that the amended judgment contain an allowance for costs, interest and attorneys' fees. For the reasons cited herein we deny the relief requested. Initially we will address the propriety of granting attorneys' fees.

██ As stated by the Supreme Court, "In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). In the absence of a statute or an enforceable contract litigants must pay their own attorneys' fees. *F.D. Rich Co., Inc. v. U.S. ex rel. Industrial Lumber Co., Inc.,* 417 U.S. 116, 128–31, 94 S.Ct. 2157, 2164–2166, 40 L.Ed.2d 703 (1974); *Hall v. Cole,* 412 U.S. 1, 4, 93 S.Ct. 1943, 1945, 36 L.Ed.2d 702 (1973). Certain exceptions to this rule allow the authorization of attorneys' fees under the court's inherent power. *See, e.g., Fleischmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 718, 87 S.Ct. 1404, 1407, 18 L.Ed.2d 475 (1966) (In "a civil contempt action occasioned by willful disobedience of a court order an award of attorney's fees may be authorized as part of a fine to be levied on the defendant."); *F.D. Rich Co.,* 417 U.S. at 129, 94 S.Ct. at 2165 (Attorneys' fees may be awarded when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . .") Attorneys' fees can also be paid when the efforts of counsel have generated a fund from which he can be paid. *Sprague v. Ticonic National Bank,* 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939); *Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanitary Corp.,* 487 F.2d 161, 165 (3rd Cir. 1973).

Section 330 of the Bankruptcy Code, 11 U.S.C. § 330, authorizes the court to award compensation for services and reimburse-

ment of expenses to officers of the estate and other professionals. That section states as follows:

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

(b) There shall be paid from the filing fee in a case under chapter 7 of this title $20 to the trustee serving in such case, after such trustee's services are rendered.

■ In applying to the court for compensation, succinct yet complete records of services are of fundamental importance. These records must accurately record the amount of time spent and the manner in which it was spent. *In Re Roustabout Co.,* 386 F.2d 354 (3rd Cir.1967); *In Re Imperial "400" National, Inc.,* 432 F.2d 232 (3rd Cir. 1970); *In Re Meade Land and Development Co., Inc.,* 527 F.2d 280 (3rd Cir.1975). In certain cases such records can no longer be produced because they are no longer available. When the court finds that good cause exists for the nonproduction of these records, it may rely on some alternative form of proof along with its own articulated knowledge of the matter. *Meade,* 427 F.2d at 283–84. The burden of keeping and submitting records supporting the fee application belongs to the attorney. Only in unusual cases will the court award compensation without supporting documentation, even in the absence of objections by interested parties. *Id.*

The requisites of particularity and detail are further outlined in Bankruptcy Rule 219 which also imposes additional requirements on the applicant. 219(a) states as follows:

(a) Application for Compensation or Reimbursement. A person seeking compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered and expenses incurred, and (2) the amounts requested. An application for compensation shall include a statement by the applicant as to what payments have theretofore been made or promised to him for services rendered or to be rendered in any capacity whatsoever in connection with the case, the source of the compensation so paid or promised, whether any compensation he has previously received has been shared and whether an agreement or understanding exists between the applicant and any other person for the sharing of compensation received or to be received for services rendered in or in connection with the case, and the particulars of any such sharing of compensation or agreement or understanding therefor, except that the details of any agreement by the applicant for the sharing of his compensation as a member or regular associate of a firm of lawyers or accountants shall not be required. The requirements of this subdivision shall apply to an application for compensation for services rendered by an attorney or accountant even though the application is filed by a creditor or other person on his behalf.

In applying the standard of § 330 to the facts of a particular case, prior case law is helpful in providing the means for establishing reasonable compensation. *See, e.g., Lindy Bros.,* 487 F.2d 161. "The first inquiry should be into the hours spent by the attorneys—how many hours were spent in what manner by which attorneys.... (W)ithout some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement

negotiations, and the hours spent by various classes of attorneys, e.g., senior partners, junior partners, associates, the court cannot know the nature of the services for which compensation is sought." *Id.* at 167. Second, the court must attempt to value these hours. *Id.* The value of an attorney's time is generally reflected in his normal billing rate. As provided by § 330, the rate must be comparable to service rendered in areas other than bankruptcy.

■ Under this second factor all the time that an attorney devotes to a case will not necessarily be compensable at the same hourly rate. For instance, proof reading and cite checking would normally be compensable at a lower rate than services requiring the full measure of the attorney's talent. *In Re Hotel Associates, Inc.,* 15 B.R. 487, 488 (Bkrtcy.E.D.Pa.1981). Correlatively, the attorney will not be paid the full hourly rate for work which could have been performed by less costly non-attorney employees. *In Re U.S. Golf Corp.,* 639 F.2d 1197, 1201–02 (5th Cir.1981).

■ Through the above two factors the court derives a figure for reasonable compensation which must be adjusted in light of additional considerations. The first such consideration is whether the case was taken on a contingent fees basis. If so, the attorney's fee should be increased accordingly. Notwithstanding, there are times when the contingency is so slight or when the amount found to constitute reasonable compensation is so large a proportion of the total recovery that an increased allowance for the contingency would be minimal. *Lindy Bros.,* 487 F.2d at 168.

The second additional factor is the quality of the attorney's work. This factor can result in either an increase or decrease in the figure for reasonable compensation derived above. In evaluating this factor the "court should consider the complexity and novelty of the issues presented, the quality of the work that the judge has been able to observe, and the amount of the recovery obtained." *Id.* These factors which augment or diminish the fee award should be set forth with some degree of specificity. *Id.* at 169.

■ Notwithstanding the above authority, the case law indicates that an award of attorney fees is improper in certain instances. For example, fees will not be awarded to a debtor's attorney to the extent that services are in essence a benefit to the debtor rather than to the estate. *See, e.g., In Re Jones,* 665 F.2d 60 (5th Cir.1982) (Debtor's attorney cannot be awarded compensation from the estate for overcoming objections to discharge of debtor since this service was a personal benefit to the debtor and not a benefit to the estate.) Furthermore, fees will also not be awarded to an attorney when the service performed is the statutory obligation of some other party designated by the Bankruptcy Code. *See, e.g., Auto-Train Corp.,* 15 B.R. 160 (Bkrtcy. D.D.C.1981) (The court denied fees to a trustee's attorney when the attorney sought compensation for time spent collecting and reducing to money the property of the estate since this was a duty of the trustee under 11 U.S.C. § 704(1).)

■ In certain cases the court will be wary of awarding fees to the debtor's attorney. In many instances the attorney has been paid a reasonable fee at the commencement of his duties with the debtor. Any requests by such an attorney for further fee awards by the court will be examined in light of all compensation received by that attorney from the debtor and the court. *See,* Bankruptcy Rule 219(a). This scrutiny is necessary due to the absence of the client's (the debtor's) whole-hearted concern for the size of the attorney's fee, since in the majority of cases whatever funds of the estate are not awarded to the attorney will be paid to administrative claimants and creditors, with no balance remaining for the debtor. Furthermore, as stated in the statute, compensation will be awarded only "for actual, necessary services...." § 330(a)(1). No compensation will be awarded for unnecessary services. For instance, if an attorney requests fees for conducting litigation when the court concludes that the matter could have been resolved just as fruitfully through less cost-

ly negotiation and settlement, the fee allowance will be disallowed or adjusted accordingly.

In the action at bar the debtor is attempting *inter alia* to collect attorneys' fees based on a clause in a contract between the debtor and the defendants. Said clause provides for attorneys' fees in an amount equal to 20% of the deficiency under the contract. The debtor asserts that the 20% fee is $807.90. As the above authority indicates, the parties request for attorney's fees must be sufficiently detailed for the court to make an informed judgment on the request. In the case at bar the debtor has submitted a single sheet billing statement which fails to inform the court of the nature of the service provided. Furthermore, the debtor seeks $807.90 for 7.6 hours of legal work. The court's records indicate that the attorney filed a two and one half page complaint which culminated in a default judgment. The amount of time expended by the applicant on this action is patently inordinate. Apparently, the debtor is attempting to obtain an award of the maximum 20% fee allowance under the contract regardless of the amount of legal work that has been performed. As the above authority indicates, this is not allowable in bankruptcy. We find the attorney's application for fees clearly inadequate.

In addition to requesting attorney fees the debtor also seeks costs and interest. As with the request for attorney's fees, the debtor has asked for an amendment of the default judgment so these charges can be included. As stated in Rule 59(e) of the Federal Rules of Civil Procedure, "A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." Excluding a provision which is not pertinent here, Bankruptcy Rule 923 provides that Rule 59 applies in bankruptcy. Since the debtor's motion to amend was not served within ten days after the entry of the judgment, the requested relief is denied.