### In re WINSLOW CENTER ASSOCIATES, Debtor.

### PROVIDENT MUTUAL LIFE INSURANCE COMPANY, Plaintiff,

### v.

### WINSLOW CENTER ASSOCIATES, and Jerome Blum, Trustee, Defendants.

The COMMITTEE OF EQUITY SECURITY HOLDERS, Intervening Defendant, and Third Party Plaintiff, derivatively on behalf of Winslow Center Associates,

v.

### Harvey PLOWFIELD, Third Party Defendant.

### Bankruptcy No. 82–00020G. Adv. No. 82–2662G.

United States Bankruptcy Court, E.D. Pennsylvania.

July 3, 1985.

See also 32 B.R. 685.

Marjorie O. Rendell, Marshall A. Fleisher, Duane, Morris & Heckscher, Philadelphia, Pa., for plaintiff, Provident Mutual Life Ins. Co.

David S. Fishbone, Ciardi & Fishbone, Philadelphia, Pa., for debtor/defendant, Winslow Center Associates.

Robert H. Levin, Adelman Lavine Krasny Gold and Levin, Philadelphia, Pa., for defendant/trustee, Jerome Blum.

Leonard P. Goldberger, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for The Committee of Equity Holders, intervening defendant and third party plaintiff, derivatively on behalf of Winslow Center Associates.

David J. Picker, Norristown, Pa., for Harvey Plowfield, third party defendant.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The question, arising under New Jersey law on a mortgagee's motion for turnover of accrued rent, is whether a clause in a mortgage creates an assignment rather than a pledge against security, thus entitling the mortgagee to those rents. For the reasons stated herein, we conclude that the mortgage created an assignment of the rent and will direct that the rents be disbursed to the mortgagee.

The facts of this case are as follows:[1] The debtor is a limited partnership which owns a parcel of real estate known as "Winslow Center". The property is improved by a small shopping center and is encumbered by a first mortgage held by Provident Mutual Insurance Company ("Provident"). The mortgage includes the following clause:

> Mortgagors hereby assign to Mortgagee any and all rents, issues and profits on the premises covered hereby, but Mortgagors shall be entitled to collect and retain the said rents, issues and profits until default hereunder, unless otherwise specifically provided.

In furtherance of the operation of the shopping center the debtor leased portions of the property to various merchants.

The debtor filed a petition for reorganization under Chapter 11 of the Bankruptcy Code ("the Code") and thereafter Provident moved for relief from the automatic stay in order to foreclose its mortgage. At about that time we sanctioned the formation by the limited partners of the debtor of a Committee of Equity Holders ("the Committee") and granted its motion to intervene in Provident's motion. Shortly thereafter, we granted Provident relief from the automatic stay, which ultimately resulted in its purchase of the property as the sole bidder at sheriff's sale. Prior to the sale the trustee had continued to collect the rent from tenants on the encumbered property and had placed these funds in escrow.

Under the above quoted clause in the mortgage Provident asserts that it has an absolute assignment of the rents which includes its right to their immediate use and possession. The Committee believes that Provident has only a pledge against security in the rents which, in the absence of the proper triggering event, is tantamount to an inchoate security interest in the rents that would be inferior to the trustee's hypothetical lien under 11 U.S.C. § 544(a).

■■■ Analyzing the law of New Jersey, which the parties agree is applicable, it appears that the distinction between an assignment and a pledge of security is based on the precise wording of the pertinent mortgage clause. *In Re Pine Lake Village Apartments*, 17 B.R. 829, 834 (Bankr. S.D.N.Y.1982) (construing New Jersey law). If the pertinent clause gives the mortgagee a vested interest in the rents at the time of the creation of the mortgage, the clause is construed as an assignment. Who has actual or constructive possession of the rents is irrelevant. The applicable mortgage provision is deemed a pledge of security if the mortgagee's interest in the rents does not vest until the occurrence of some precipitating event such as default under the mortgage. In consequence of this distinction an assignment gives the mortgagee *title*[2] to the collateral at issue

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

**2.** Although New Jersey law affords the mortgagee *title* to the rents if the mortgage provision is construed as assigning those rents to the mortgagee, the prevailing view appears to be that such a "reservation of title" creates only a security interest. *Cf.*, 13 Pa.Cons.Stat. § 9102 (Pennsylvania's Uniform Commercial Code provides that reservation of title in personalty is merely a security interest). The drafters of the Code apparently incorporated this prevailing view into the bankruptcy statute. *See, e.g.*, 11 U.S.C. § 552 which states as follows:

> § 552. Postpetition effect of security interest
> (a) Except as provided in subsection (b) of this section, property acquired by the estate or by the debtor after the commencement of the case is not subject to any lien resulting from

any security agreement entered into by the debtor before the commencement of the case.

> (b) Except as provided in sections 363, 506(c), 544, 545, 547, and 548 of this title, if the debtor and a secured party enter into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to proceeds, product, offspring, rents, or profits of such property, then such security interest extends to such proceeds, product, offspring, rents, or profits acquired by the estate after the commencement of the case to the extent provided by such security agreement and by applicable non-bankruptcy law, except to the extent that the court, after notice and a hearing and based on the equities of the case, orders otherwise.

while a pledge of security merely creates a *security interest* in the subject property. *Pine Lake*, 17 B.R. at 833.

■ As applied to the case before us, the language of the mortgage clause at issue granted Provident at the time of the creation of the mortgage a vested interest in all rents as they accrued. The fact that that clause allowed the debtor to collect the rents prior to default is irrelevant. The right of collection only rendered the debtor a bailee of the fund while Provident, at all times, remained the title holders of the funds. The event of default merely changed the identity of the proper collection agent which in no way affected title.

The Committee alleges that the assignment was a mere security device which required further action[3] on the part of Provident to enforce its interest and directs our attention to a Texas case which held that a "collateral assignee of rents" must take affirmative steps to make its interest effective. *In Re Village Properties, Ltd.*, 723 F.2d 441 (5th Cir.1984) *cert. den.,* —— U.S. ——, 104 S.Ct. 2350, 80 L.Ed.2d 823 (1984). The case is inapposite since in that dispute the decision was based on Texas state law which, in pertinent regard, is essentially different from the New Jersey rule of law which we must apply.

■ Moving to a peripheral issue in this case we must address the Committee's request for interim counsel fees from the escrowed rent fund. Summarizing the law: "It is a well-settled principle that an attorney must look to his own client alone for payment for his services, and this principle is applicable in bankruptcy matters as well as others.... Nonetheless, an attorney

may be compensated from the bankruptcy estate where the Code expressly or by clear implication authorizes allowance *out of the estate.*" *In Re Fidelity America Mortgage Co.*, 48 B.R. 258, 260 (Bkrtcy.E.D.Pa. 1985) (emphasis added); 6 *Remington on Bankruptcy* ¶ 2665 (5th ed. 1952). The attorney for the Committee is requesting compensation for the services under § 330 of the Code which allows the court to award compensation for services and reimbursement of expenses to officers of the estate and other professionals. *Lyco Truck Sales & Service, Inc. v. Hopkins* (In Re Lyco Truck Sales & Services), 28 B.R. 408 (Bankr.M.D.Pa.1982).

■ Unfortunately for the attorney, the determination that the rent is subject to Provident's right of ownership of the rents precludes payment of attorneys' fees from the monies. No other funds appear available for disbursement of attorney's fees. In a similar case, the court in *In Re Codesco, Inc.*, 15 B.R. 354 (Bankr.S.D.N.Y.1981) denied a request by the attorneys and accountants for the creditors' committee for interim compensation under § 330 because of insufficient funds in the estate. Similarly in the case at bench, there are no unencumbered assets in this estate to pay interim allowances to the attorneys and accountants for the Committee. *Codesco*, 15 B.R. at 356; *see also, In Re First Hartford Corporation*, 23 B.R. 729 (Bankr.S.D.N.Y. 1982); *In Re Four Star Terminal, Inc.*, 42 B.R. 419 (Bankr.D. Alaska 1984).

We will accordingly enter an order directing the trustee's disbursement of the escrowed rent fund and denying the Committee's request for interim compensation.

---

Whether the Supremacy Clause of the United States Constitution would denigrate the status of Provident's interest in the rent from "title" to that of a "security interest" is a question we need not answer since Provident prevails under either alternative.

(Section 552 was amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, § 466, July 10, 1984, but the amendment is without effect in this action since the petition was filed prior to the running of the ninety day "grace" period following the enactment of the amendment. *See,*

Pub.L. No. 98–353, § 553(a) (effective date of amendment). Thus, we have reproduced § 552 as it stood prior to the passage of the amendment.)

**3.** The Committee's argument on a lack of action by Provident is weak because the court in *Pine Lake*, in a discussion of a pledge, states that a motion requesting relief from an automatic stay might be sufficient action to validate the security interest. *Pine Lake*, 17 B.R. at 834–35.