In re Pauline WRIGHT, Debtor.

Bankruptcy No. 85-00926G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Nov. 5, 1985.
As Amended Nov. 25, 1985.

Michael A. Cibik, Philadelphia, Pa., for debtor, Pauline Wright.

Warren T. Pratt, Lynne B. Allen, Drinker Biddle & Reath, Philadelphia, Pa., for Philadelphia Saving Fund Soc.

James J. O'Connell, Philadelphia, Pa., Standing Trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The two predominant points for consideration in the case at hand are (1) whether we should grant a mortgagee relief from the automatic stay to foreclose on encumbered realty notwithstanding an extant order confirming the debtor's chapter 13 plan and (2) whether we should exact attorneys' fees and foreclosure costs against the debtor's counsel and in favor of the mortgagee due to counsel's alleged abuse of the Bankruptcy Code ("the Code"). For the reasons expressed below, we conclude that we will conditionally grant relief from the stay and we will award attorneys' fees and foreclosure costs to the mortgagee's attorneys.

We summarize the facts of this controversy as follows:[1] Fourteen years ago the Philadelphia Savings Fund Society ("PSFS") lent $18,000.00 to the debtor to purchase a home, in exchange for a note secured by a mortgage on the realty. The debtor fell in default under the mortgage in 1980 and later that year PSFS commenced foreclosure proceedings. The parties resolved the action by agreeing to the entry of a foreclosure judgment while holding the execution of that judgment in abeyance so long as the debtor complied with a specified repayment schedule. In due course the debtor defaulted and PSFS instituted foreclosure proceedings. In 1983, two days prior to the scheduled sheriff's sale of the realty, the debtor, through her then counsel, John B. Hayter, filed a petition for the repayment of her debts under chapter 13 of the Code. PSFS moved for relief from the automatic stay but the action was settled. The parties stipulated that if the debtor adhered to a proposed repayment schedule, PSFS would not resume the foreclosure action but, if the debtor defaulted, PSFS could continue with foreclosure without further leave of court. The stipulation also provided that an order "granting relief from the automatic stay as to PSFS, may be entered in this case and in any other case under the United States Bankruptcy Code, whenever commenced...." We approved the stipulation and the stay was thereby modified. The debtor ultimately defaulted, foreclosure was resumed and a sheriff's sale was scheduled. The debtor then filed a petition in state court to vacate the foreclosure judgment and during the pendency of that action that court stayed the sheriff's sale.

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

The court denied the requested relief on the merits and once again the property was listed for sheriff's sale. Two days prior to the scheduled date of the sale the debtor's current counsel, Michael A. Cibik ("Cibik") filed an "application" (sic) to dismiss the bankruptcy petition. One day later Cibik, on behalf of the debtor, filed another chapter 13 petition. The next week PSFS filed the instant motion in which it sought sanctions against Cibik for abuse of the Code, relief from the automatic stay and an order denying the debtor the right to file for relief under the Code without prior leave of court. Thereafter the debtor filed her chapter 13 plan which provided, *inter alia,* for the payment of the principal, interest, arrearages and related charges arising under the PSFS loan. In view of the apparent soundness of the plan and in the absence of an objection by PSFS, we confirmed the plan.

■ On the subject of PSFS's request for relief from the automatic stay, in this district we have held that confirmation of a chapter 11 or 13 plan bars a creditor from seeking relief from the stay unless the creditor predicates such relief on some postconfirmation "cause." *See, e.g., In Re Clark,* 38 B.R. 683 (Bankr.E.D.Pa.1984). The rationale is that the confirmed plan binds the debtor and the creditor as to preconfirmation bases for relief from the stay. 11 U.S.C. § 1327(a).[2] Any party with a preconfirmation "cause" for relief from the stay could arguably object to confirmation on the basis of that cause. In the case at bench there is no evidence of record indicating that PSFS is not being paid according to the terms of the plan and they have not advanced any other postconfirmation "cause" for relief under § 362(d)(1). Nonetheless, in light of the numerous delays afforded the debtor we will condition the continuation of the stay on the debtor's timely compliance with the terms of the plan and we will presently

order that the stay will be modified without further leave of court should the debtor be in default under the plan.

■ We now turn to the matter of exacting attorneys' fees from Cibik for his alleged abuse of the Code. Under the first chapter 13 petition, relief from the automatic stay had been granted, and because of that relief Cibik successfully sought dismissal of that petition solely so he could file another chapter 13 petition on the debtor's behalf only one day later. The only apparent purpose was to wipe the bankruptcy slate clean of the extant order granting the motion for relief from the stay so as to further delay the bank in foreclosing. Although Congress incorporated the automatic stay in the Code to give honest debtors a "breathing spell" from creditors, Congress did not thereby sanction "hyperventilation." We conclude that the Code—and the automatic stay in particular—are abused when a petition is dismissed so that another petition may be filed solely for the purpose of delaying creditor action. *Cinema Service Corp. v. Edbee Corp.,* 774 F.2d 584 (3d Cir.1985) (The Court of Appeals affirmed a decision in which a bankruptcy court found that a debtor's counsel acted in bad faith by filing a single petition for reorganization when that petition was filed solely to delay a lienor's foreclosure action, and for that abuse fees were awarded.) Having found a wrong, we now look to remedies to vindicate this transgression.

The common law "American Rule" is that "an attorney must look to his own client alone for payment for his services, and this principle is applicable in bankruptcy matters as well as in others...." *In Re Fidelity American Financial Corp.,* 48 B.R. 258, 260 (Bankr.E.D.Pa.1985); *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). Certain exceptions to the rule provide for attorneys' fees when

**2.** § 1327. Effect of confirmation
(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by

the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.
11 U.S.C. § 1327(a).

a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons...." *F.D. Rich Co. Inc. v. U.S. ex rel. Industrial Lumber Co., Inc.*, 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974); *Lyco Truck Sales & Service, Inc. v. Hopkins* (In Re Lyco Truck Sales & Service, Inc.), 28 B.R. 408, 409 (Bankr.M.D. Pa.1982). The Congress, of course, has the power to abrogate the "American Rule" as it has done, in part, in statutes such as in 28 U.S.C. § 1927, which states as follows:

> § 1927. Counsel's liability for excessive costs

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in a case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Such relief may likewise be predicated on a rule of court. *See, e.g.,* Fed.R.Civ.P. 11 and Bankruptcy Rule 9011.[3] The *F.D. Rich* case, § 1927 or Bankruptcy Rule 9011 each provides an independent basis for surcharging Cibik for the fees and the costs of foreclosure which were incurred by the dismissal of one petition and the immediate filing of another. We will accordingly enter an order directing Cibik personally to satisfy the mortgagee's foreclosure costs of $750.00 and its attorneys' fees of $250.00, for a total of $1,000.00.

■ Although 11 U.S.C. § 109(f)[4] may preclude the debtor from filing another petition within six months of a dismissal of the instant case, PSFS finds this insufficient succor. Due to this perceived deficiency, PSFS has also moved for an order

---

**3.** Rule 9011

SIGNING AND VERIFICATION OF PAPERS

(a) Signature. Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, except a list, schedule, statement of financial affairs, statement of executory contracts, Chapter 13 Statement, or amendments thereto, shall be signed by at least one attorney of record in his individual name, whose office address and telephone number shall be stated. A party who is not represented by an attorney shall sign all papers and state his address and telephone number. The signature of an attorney or a party constitutes a certificate by him that he has read the document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harrass, to cause delay, or to increase the cost of litigation. If a document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the person whose signature is required. If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

(b) Verification. Except as otherwise specifically provided by these rules, papers filed in a case under the Code need not be verified. Whenever verification is required by these rules, an unsworn declaration as provided in 28 U.S.C. § 1746 satisfies the requirement of verification.

(c) Copies of Signed or Verified Papers. When these rules require copies of a signed or verified paper, it shall suffice if the original is signed or verified and the copies are conformed to the original.

Bankruptcy Rule 9011. For an application of this rule see *Cinema Service Corp. v. Edbee Corp.*, 774 F.2d 584 (3d Cir.1985).

**4.** (f) Notwithstanding any other provision of this section, no individual may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(f). PSFS has raised the point of whether the bar of § 109(f) applies after the dismissal of case in which a creditor's motion for relief from the automatic stay was resolved by stipulation. PSFS correctly asserts that the issue is not yet ripe for decision.

directing the debtor and her attorney to notify PSFS and its counsel in writing at least ten days in advance of any request for a voluntary dismissal of the instant case. After receiving such notice, PSFS proposes to move in this court for an order conditioning the dismissal in such a way to deter the likelihood of the debtor's future abuse of the Code. Although the power to grant such an order arguably lies within the bankruptcy court, the exercise of such power does not seem provident under the facts of this case. We believe the threat of future sanctions against the debtor's counsel will be a sufficient deterrent to the debtor's further abuse of the Code. We will accordingly deny the request for an order mandating advance notice of any possible dismissal.