**In re Wanda C. GRAVES, Debtor.**

**Bankruptcy No. 86–00539G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

April 25, 1986.

Susan L. DeJarnatt, Philadelphia, Pa. for debtor, Wanda C. Graves.

Warren T. Pratt, Drinker, Biddle and Reath, Philadelphia, Pa. for mortgagee, Philadelphia Sav. Fund Soc.

James J. O'Connell, Philadelphia, Pa., Chapter 13 Standing Trustee.

OPINION

EMIL F. GOLDHABER, Chief Judge:

Two issues confront us in the instant matter, the first of which is whether we should grant a secured creditor's motion for relief from the automatic stay due to the debtor's failure to make numerous periodic payments on the mortgage. The second issue is whether we should grant the creditor's motion for an award of counsel fees brought about by the debtor's repetitive filing of bankruptcy petitions. On the basis of the reasons outlined below, we conclude that relief from the automatic stay should be granted, but that counsel fees should not be exacted.

The facts of this case are as follows:[1] The debtor purchased a parcel of realty in 1977 and granted a mortgage to the predecessor in interest of the Philadelphia Savings Fund Society ("PSFS"). The debtor fell in default on the mortgage, foreclosure proceedings were instituted and a sheriff's sale was scheduled. Shortly before the intended sheriff's sale, the debtor filed a petition for the repayment of her debts under chapter 13 of the Bankruptcy Code ("the Code"). PSFS moved for relief from the automatic stay and we granted the motion. The bankruptcy petition was subsequently dismissed.

PSFS continued with its foreclosure proceedings but, on the eve of the sheriff's sale, the debtor once again filed a petition for the repayment of her debts under chapter 13. Subsequently, we approved a stipulation between PSFS and the debtor which granted PSFS relief from the automatic stay. Shortly thereafter the second petition was dismissed.

Foreclosure proceedings were thereupon resumed but, as the date of reckoning approached, the debtor filed a third petition for the repayment of her debts under chapter 13 of the Code. Within days PSFS filed the instant motion for relief from the automatic stay.

The mortgage in question has been in default for nearly six years and the debtor still owes all monthly payments which have accrued since February of 1983. Since the dismissal of the second bankruptcy petition the debtor's circumstances have changed in that she has received a significant lump sum of money. With this sum she has paid 31 monthly mortgage payments within the last six or seven months. Since the debtor filed her third petition after the receipt of the lump sum and after the payment of a significant amount of the arrearages on the mortgage, we find that the filing of her third bankruptcy petition was not made in bad faith.

■ As stated above, PSFS has moved for relief from the automatic stay, since the mortgage has been in default for almost six years and since all monthly mortgage payments accruing since March of 1983 have gone unpaid. We have held numerous times that the continued failure to tender periodic payments to a secured creditor pursuant to the terms of an underlying loan can constitute "cause" for relief under 11 U.S.C. § 362(d)(1).[2] *Royal Bank of Pennsylvania v. Three Tuns, Inc.* (In Re Three Tuns, Inc.) 35 B.R. 110, 111 (Bankr.E.D.Pa.1983); *In Re Augustus Court Assoc.*, 46 B.R. 619, 620 (Bankr.E.D. Pa.1985); see also, *Ukrainian Savings and Loan Assoc. v. Trident Corp.*, 22 B.R. 491, 495 (E.D.Pa.1982) (per Chief Judge Luongo). Under the facts of this case the debtor's failure to make the requisite monthly payments on the mortgage constitutes "cause" for granting relief from the automatic stay.

■ In conjunction with its motion for relief from the automatic stay, PSFS has also moved for sanctions in the form of attorneys' fees against the debtor due to her repetitive filing of petitions under the Code. Based on Bankruptcy Rule 9011(a)[3]

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

2. (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
  (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
  (2) with respect to a stay of an act against property under subsection (a) of this section, if—

  (A) the debtor does not have an equity in such property; and
  (B) such property is not necessary to an effective reorganization.
11 U.S.C. § 362(d)(1).

3. Rule 9011. Signing and Verification of Papers
(a) Signature
  Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, except a list, schedule, statement of financial affairs, statement of executory contracts, Chapter 13 Statement, or amendments thereto, shall be signed by at least one attorney of record in his individual name, whose office address and

and 28 U.S.C. § 1927 [4] the Court of Appeals has held that the bankruptcy court may exact counsel fees from a party who files pleadings or other documents in bad faith. *Cinema Service Corp. v. Edbee Corp.*, 774 F.2d 584 (3d Cir.1985) (The Court of Appeals affirmed a decision in which a bankruptcy court found that a debtor's counsel acted in bad faith by filing a petition for reorganization when that petition was filed solely to delay a lienor's foreclosure action, and for that abuse counsel fees were awarded); *In Re Wright*, 54 B.R. 553 (Bankr.E.D.Pa.1985) (We awarded counsel fees against the debtor's counsel when that counsel filed a second petition on the heels of the dismissal of the first petition although the debtor's financial circumstances had not changed); *see also*, J. Murphy, *Bankruptcy Court Power Affirmed*, Pa. Law Journal Reporter, Dec. 9, 1985, p. 1 (An analysis of *Cinema Service v. Edbee* as well as a compendium of other cases in which sanction were exacted for the bad faith filing of various pleadings and other documents).

In the case at bench the debtor has filed three petitions within the past six years, the first two of which were dismissed. Nonetheless, we find that the debtor's filing of the third petition was not in bad faith since her economic circumstances had improved dramatically. Thus, we will deny the motion by PSFS requesting attorneys' fees but grant the motion for relief from the stay.

telephone number shall be stated. A party who is not represented by an attorney shall sign all papers and state his address and telephone number. The signature of an attorney or a party constitutes a certificate by him that he has read the document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation. If a document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the person whose signature is required. If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

4. § 1927. Counsel's liability for excessive costs

Any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess, costs, expenses, and attorneys' fees reasonably incurred because of such conduct.