**In re WRIGHT, EGAN & ASSOCIATES, a Partnership, Debtor.**

**Bankruptcy No. 86–00189G.**

United States Bankruptcy Court, E.D. Pennsylvania.

May 28, 1986.

Richard F. Stern, Jenkintown, Pa., for movant/mortgagee, BancAmerica Business Credit Corp.

Robert Szwajkos, George C. Brady, III, Rubin, Quinn & Moss, Philadelphia, Pa., for debtor, Wright, Egan & Associates.

## OPINION

**EMIL F. GOLDHABER, Chief Judge:**

The matter for resolution is whether we should grant a mortgagee's motion for relief from the automatic stay under 11 U.S.C. § 362(d) of the Bankruptcy Code ("the Code") in order to allow it to foreclose its mortgage on the basis that the debtor has failed to make adequate periodic payments on the debt. For the reasons outlined below, we will grant the motion for relief from the automatic stay.

The facts of this controversy are as follows:[1] In September of 1985 one Kenneth H. Smith ("Smith") borrowed $6,750,000.00 from BancAmerica Business Credit Corporation ("BancAmerica"). The debt was secured by three parcels of realty owned by Smith and the debtor.[2] Under the agreement evincing the debt, Smith and the debtor were obliged to make monthly *interest* payments on the debt in the amount of $67,500.00, commencing on October 15, 1985, for a period of nine months with a final payment of *principal* and *interest* due on July 15, 1986. The first payment of interest was made on October 17, but the check was returned for insufficient funds.

As a result of this default, BancAmerica obtained a confession of judgment on the debt and the properties were listed for sheriff's sale. The debtor then filed a petition for reorganization under chapter 11 of the Code in the beginning of this year in order to give rise to the automatic stay of 11 U.S.C. § 362(a) of the Code. BancAmerica then filed the instant motion for relief from the automatic stay in order to continue foreclosure proceedings. At the hearing, held one month later, the debtor agreed to pay BancAmerica $16,348.50 per month on the debt. Apparently the debtor has been able to comply with this payment schedule.

■ The filing of a petition under the Code gives rise to an automatic stay which generally bars debt collection efforts against the debtor, his property and property of his bankruptcy estate. 11 U.S.C. § 362(a). Relief from the stay may be granted by the bankruptcy court under § 362(d)[3]. We have held numerous times that the continued failure to tender periodic payments to a secured creditor pursuant to the terms of an underlying loan may constitute "cause" for relief under § 362(d)(1). *Royal Bank of Pennsylvania v. Three Tuns, Inc.* (In Re Three Tuns, Inc.) 35 B.R. 110, 111 (Bankr.E.D.Pa.1983); *In Re Graves,* 59 B.R. 928 (Bankr.E.D.Pa.1986); *Ukrainian Savings and Loan Assoc. v. Trident Corp.,* 22 B.R. 491, 495 (E.D.Pa. 1982) (per Chief Judge Luongo).

■ As applied to the facts at hand the debtor has failed to make any *full* monthly payments of *interest* on the loan since the loan was granted. To its credit, for the past several months the debtor has been making partial monthly interest payments in the amount of $16,348.50. Nonetheless, the obligatory monthly interest payment totals $67,500.00, more than four times the debtor's monthly contribution. While we recognize the debtor's *efforts* to comply with a repayment schedule, the *results* are insufficient to undercut the rule of law enunciated in *Graves, Trident* and *Three Tuns.* Due to the lack of adequate periodic payments on the secured debt we will

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

2. Solely for purposes of this action BancAmerica has conceded that the debtor has an ownership interest in the properties.

3. (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

    (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

    (2) with respect to a stay of an act against property under subsection (a) of this section, if—

      (A) the debtor does not have an equity in such property; and

      (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(1).

grant BancAmerica's motion for relief from the automatic stay.