**In re Janet S. POLAY, Debtor.**

**Bankruptcy No. 86–00159.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Oct. 28, 1986.

Joseph A. Suchoza, O'Connell, Weiss, Mattei, Koury & Linderman, P.C., Pottstown, Pa., for movant, Jeffry K. Amsbaugh.

Marc H. Pachtman, Folsom, Pa., for debtor, Janet S. Polay.

OPINION

EMIL F. GOLDHABER, Chief Judge:

The issue for consideration is whether we should grant a seller's motion for relief from the automatic stay under 11 U.S.C. § 362(d) of the Bankruptcy Code ("the Code") in order to allow it to bring an action for ejectment against the debtor on the basis that the debtor failed to comply with the terms of a Lease Purchase Agreement. For the reasons set forth below, we will grant the motion for relief from the automatic stay.

The facts of this dispute are as follows:[1] On or about December 1, 1982, the debtor entered into a Lease Purchase Agreement with the movant, Jeffry K. Amsbaugh. Under the agreement, the debtor agreed to lease and purchase certain real property known as Parcel No. 25–6–311, St. An-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

drew's Church Road, West Vincent Township, Chester County. The agreement provided for payments of approximately $1,000.00 per month, $250.00 of which was to be credited to the principal purchase price; the balance was to be applied to rent. The agreement further provided that settlement would be consummated on November 10, 1985.

At the time of the original agreement, the debtor had been employed as an executive for the West Company, in Phoenixville, Pennsylvania, and her annual income was approximately $50,000.00. On or about November 16, 1984, the debtor's employment was terminated and she filed charges with the Equal Employment Opportunity Commission alleging discrimination under Title VII. Subsequent to her termination, the debtor had no source of income other than unemployment compensation and was forced to sell some of her personal property in order to meet the monthly payments under the Lease Purchase Agreement. By November 10, 1985, the date of settlement, the debtor was three months in arrears in her payments and was unable to make settlement. The movant then demanded payment of back rent and the parties thereafter agreed to renegotiate the deal.

On January 10, 1986, the debtor filed a petition under chapter 11 of the Code. During that time, the parties renegotiated a new Lease Purchase Agreement which provided for monthly payments of approximately $2,000.00 plus back charges, but no portion of which would be credited to the purchase price, beginning November 11, 1985 and succeeding monthly until the principal balance of the purchase price of $187,-000.00 would be paid on or before May 10, 1986. In consideration for the new agreement, the debtor lost her right to have the payments under the original agreement credited to the purchase price.

The debtor complied with the new Lease Purchase Agreement insofar as she paid the back rent due under the previous agreement and began making payments under the new agreement. However, in February, 1986, the debtor stopped making payments and there was no settlement on May 10, 1986, or at anytime thereafter. As of the August 10, 1986, hearing on the matter, the movant had not received any payments on the outstanding debt since February, 1986. The debtor testified at the hearing that she would be able to purchase the house when the suit against her former employer reached a settlement. The debtor further testified that she owned property in New Jersey that was under an agreement of sale, but she offered no evidence as to the amount of equity, if any, in that property.

■ As stated earlier, the movant filed a motion for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) in order to bring an ejectment action against the debtor. Section 362(d) provides as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d). The first part of section 362(d) permits relief from the stay "for cause", including the lack of adequate protection. In mortgage foreclosure cases, we have repeatedly held that the continued failure to tender periodic payments to a secured creditor under the terms of an underlying loan agreement may constitute "cause" for relief under 11 U.S.C. § 362(d)(1). *In Re Graves*, 59 B.R. 928, 929 (Bankr.E.D.Pa.1986) (citing *Royal Bank of Pennsylvania v. Three Tuns, Inc.*, 35 B.R. 110, 111 (Bankr.E.D.Pa.1983); *In re Augustus Court Assoc.* 46 B.R. 619, 620 (Bankr.E.D.Pa.1985); *Ukrainian Savings & Loan Assoc. v. Trident Corp.*, 22 B.R.

491, 495 (E.D.Pa.1982) (per Chief Judge Luongo)). Although the instant case does not involve a mortgage foreclosure situation, the facts at bench are nevertheless analagous. As such, we find that the same principles apply. The debtor continues to reside in the property owned by the seller without meeting the required monthly payments. As of the hearing date, the debtor was more than seven months in arrears. The debtor has little, if any, current income and, pursuant to the terms of the Lease Purchase Agreement wherein monthly payments were not credited to the purchase price, no equity in the property. The debtor claims that she will be able to purchase the property as soon as a settlement is negotiated in her lawsuit against her former employer. However, we find that the "impending settlement" is far too speculative for the purposes of showing adequate protection under section 362(d)(1). Moreover, the fact that the debtor owns property which is currently under an agreement of sale is equally unpersuasive for the purposes of section 362(d)(1) as there is no evidence showing the amount of equity, if any, in that property. Thus, we find that the debtor has failed to show that the seller is adequately protected as required by 11 U.S.C. § 362(d)(1) and, accordingly, relief from the automatic stay will be granted.

■ Although it is not necessary for us to address the issues at bench under section 362(d)(2), we nevertheless find that this section equally entitles the seller to relief.

Under § 362(g)(1) the movant has the burden of proof on the issue of the debtor's equity in the property; while under § 362(g)(2) the debtor has the burden of proving all other issues. While the movant met his burden by proving the debtor's lack of equity in the property, the debtor failed to meet her burden of proving that her possession of the property was necessary to an effective reorganization. The January 1986 Lease Purchase Agreement specifically stated that none of the payments under the old and new agreements were to be credited to the purchase price. As such, the payments made by the debtor were simply designated as current and back rent plus penalties and in no way represented equity in the property. Furthermore, the debtor offered no evidence showing that the property was necessary to an effective reorganization. Accordingly, we find that the movant is entitled to relief from the automatic stay under § 362(d)(2).