**In re Joanna OCASIO, a/k/a Mack, Debtor.**

**Bankruptcy No. 88–21127T.**

United States Bankruptcy Court, E.D. Pennsylvania.

March 29, 1989.

Anne P. Felker, Lehigh Valley Legal Services, Easton, Pa., for debtor.

Mark Malkames, Law Offices of William G. Malkames, Allentown, Pa., for movant.

## OPINION

THOMAS M. TWARDOWSKI, Chief Judge.

Before the court is a motion filed by Hill Financial Savings Association ("movant"), requesting relief from the automatic stay under 11 U.S.C. § 362(d)(1) to pursue a pre-petition foreclosure judgment it obtained against debtor. The parties have stipulated to the following relevant facts, and hence, no hearing was held.

On or about November 14, 1979, debtor executed a note in favor of movant in the amount of $19,900. This debt was secured by a mortgage on debtor's residence. Debtor defaulted on her obligation to movant in July of 1987. Movant then filed a state court foreclosure action and judgment was entered against debtor on May 25, 1988 in the amount of 19,777.45. A sheriff's sale was scheduled for August 5, 1988, but was stayed when debtor filed her chapter 7 bankruptcy petition. Debtor has listed the property for sale with a real estate broker at a listing price of $40,-900.00. Finally the parties stipulate that debtor has not made any payments to movant since July of 1987.

Under 11 U.S.C. § 362(d)(1), the movant has the initial burden of producing evidence of "cause" for relief. The movant can meet this burden by introducing evidence of debtor's continued failure to tender periodic payments on a secured debt. *In re Woldorf,* Bankr. No. 87–04555 (Bankr.E.D.Pa. July 22, 1988); *In re Munoz,* 83 B.R. 334 (Bankr.E.D.Pa.1988); *In re Wright, Egan & Associates,* 60 B.R. 806 (Bankr.E.D.Pa.1986); *In re Graves,* 59 B.R. 928 (Bankr.E.D.Pa.1986). The burden then shifts to the debtor to prove that adequate protection exists. *Id.*

Instantly, a review of the stipulated facts reveals that movant has met its burden of establishing a prima facie case, since the parties stipulated that debtor has failed to make payments to movant since July of 1987.[1] The burden then shifted to debtor to prove that adequate protection exists.

Debtor argues that movant is adequately protected because a substantial equity cushion exists. Although the existence of a substantial equity cushion can constitute adequate protection, *see, In re Morysville Body Works, Inc.,* 86 B.R. 51 (Bankr.E.D.Pa.1988), debtor has not met her burden of proving this fact. The stipulation of facts does not address the fair market value of, or the amount of equity in, the property and no expert appraisal testimony was introduced to establish the fair market value of the property. The only fact having possible relevance to this issue, and also stipulated to by the parties, is that debtor believes that the listing price is a reasonable estimate of the value of the property. Unfortunately for debtor, this fact does not establish the fair market val-

---

1. Debtor maintains that movant's mortgage merged into its foreclosure judgment and that, therefore, movant was not entitled to payment. Movant cites *Herbert v. Federal National Mortgage Association (In re Herbert),* 86 B.R. 433 (Bankr.E.D.Pa.1988) for this proposition. We disagree. Although movant's mortgage may have merged into its foreclosure judgment under Pennsylvania law, *see, In re Herbert, supra,* this does not mean that movant is not entitled to payment and relief from the stay. *Herbert* dealt only with the question of the rate of interest allowed to a mortgagee after it obtained a mortgage foreclosure judgment, a question which is not presently before us. As a mortgage foreclosure judgment is a nonavoidable lien, we find that movant was entitled to payment on the judgment. Since the parties stipulated that debtor has not made any payments to movant since July of 1987, we further find that movant has met its burden of production under § 362(d)(1).

ue of the property. A listing price is precisely what that term suggests and debtor obviously cannot guarantee that anyone will meet that demand figure or counter with an amount anywhere approaching the initial listing price. As such, we must find that debtor has failed to meet her burden of proving adequate protection and that movant is entitled to relief from the stay.